UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIA TRUEX,

      Plaintiff,

          v.

JOHNSON & JOHNSON and BOSTON
SCIENTIFIC CORPORATION,

      Defendants.

Case No. 13-cv-988-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes.   On September 26, 2013, the Court ordered plaintiff Maria Truex to show cause on or before October 4, 2013, why this case should not be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Indiana (Doc. 5), where her surgery involving the allegedly defective product occurred.   Compl. ¶ 35.   Truex responded that this case should eventually be transferred to MDL-1407, *In re Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation* (Doc. 8).   Truex further claims this case has no nexus with the Southern District of Indiana, although her complaint alleges her surgery took place there.   She addressed no other relevant factors informing the decision to transfer under 28 U.S.C. § 1404(a).   The defendants did not reply to Truex's response, although they were given an opportunity to do so.

As a preliminary matter, any proceedings involving this case that are pending before the Judicial Panel on Multidistrict Litigation in MDL-1407, do not prohibit this Court from exercising jurisdiction over this case prior to a final transfer.   R. 2.1(d), Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.   While this case may eventually be transferred for pretrial proceedings in a multidistrict litigation proceeding, if it ends up going to trial, it will return to this district if it is not transferred to a more appropriate district.   Thus, the Court has a

current interest in identifying the correct district for trial.

Although venue is proper in the Southern District of Illinois, under § 1404(a), the Court may *sua sponte* transfer the case to a district where it might have been brought for the convenience of the parties and in the interests of justice.   The decision to transfer a case is left to the discretion of the district court.   *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interests of justice in general.   *Stewart*, 487 U.S. at 29-30;   *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622). The movant has the burden of establishing that the transfer is "clearly more convenient."   *Coffey*, 796 F.2d at 219-20.   The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum.   *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003);   *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 7th Cir. 1989).   Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice.   *Coffey*, 796 F.2d at 220;   *Van Dusen*, 376 U.S. at 625.

In her response to the order to show cause, Truex only addresses one of the relevant factors involved in the decision to transfer under § 1404(a), and there she contradicts her pleading.   She claims that this case has no connection with the Southern District of Indiana, yet she pleads that her surgery took place there.   Based on the information in the file, and in the absence of any indication

in which district of Texas Truex resides, the Court finds that the Southern District of Indiana would be equally convenient to the plaintiff in light of its proximity to the Southern District of Illinois, and the defendants have expressed no objection to litigating this case there.   The Court gives very little weight to the fact that Truex chose to file her lawsuit in the Southern District of Illinois because this district has no connection to her case.   Furthermore, the witnesses to her surgery are likely to be in the Southern District of Indiana as well.   Finally, the interest of justice weigh in favor of a transfer; the citizens and courts within the Southern District of Illinois should not be burdened with the task of deciding cases having nothing to do with this district, while the citizens and courts within the Southern District of Indiana have a strong interest in the safety of medical devices implanted within their district by their doctors.

Accordingly, the Court **TRANSFERS** this case to the United States District Court for the Southern District of Indiana for all further proceedings, including a decision on the motion to stay this case (Doc. 6).   The parties may seek to have that case transferred to MDL-1407 if they so desire.

**IT IS SO ORDERED.**
**DATED:   October 8, 2013**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3